# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood,<br><br>    Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Defendants. | No. CV-22-00860-PHX-MTL (JZB)<br><br>**ORDER** |

Plaintiff Frank Atwood is scheduled to be executed on June 8, 2022. He filed this action through counsel pursuant to 42 U.S.C. § 1983 (Doc. 1) and paid the filing and administrative fees. He raises statutory and constitutional claims regarding aspects of the Arizona Department of Corrections, Rehabilitation, and Reentry's Execution Protocol. The Court requires Defendants to respond to the Complaint.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

**II.   Complaint**

Plaintiff was sentenced to death in Arizona state court and his challenges to his

conviction and sentence in state and federal court were unsuccessful.

In his Complaint, Plaintiff alleges he is wheelchair bound from degenerative spinal disease, and experiences "intense and profoundly debilitating pain along his spine because of chronic degeneration of vertebral bodies" that have "caused multiple compressions of the nerve roots as they pass from the spinal cord to the arms and legs," which "has resulted in permanent damage that manifests as profound weakness and unremitting pain." (Doc. 1 at 7-8). To minimize the pain he experiences, he maintains a seated posture in his wheelchair or partially reclined when "attempting to sleep." Plaintiff maintains "[l]ying flat on his back exacerbates his conditions, causing maximum pain." (*Id.* at 8). For these reasons, Plaintiff alleges ADCRR's lethal injection protocol would subject him to significant pain not necessary to accomplish execution.

Plaintiff also asserts ADCRR's execution protocol requires that lethal injection drugs must have a beyond use date after the date of the execution and authorizes prisoners subject to a warrant of execution to request and receive a "qualitative analysis" about the drug to be used in an execution. Plaintiff alleges that Defendants have refused to provide this information or verify the pentobarbital to be used in Plaintiff's execution has an appropriate beyond use date. Additionally, Plaintiff alleges the qualitative analysis disclosed in conjunction with Clarence Dixon's execution does not meet United States Pharmacopeia standards for establishing a beyond use date for subsequent batches of pentobarbital. (*Id.* at 13-15). With respect to the option to be executed by lethal gas, Plaintiff alleges Defendants' specification of intention to use hydrogen cyanide as its lethal gas is intended to cause gratuitous pain. (*Id.* at 18).

Plaintiff presents the following claims for relief: ADCRR's lethal injection procedures as applied to Plaintiff violate Plaintiff's Eighth Amendment, Americans with Disabilities Act, and Rehabilitation Act rights (Counts I, II, and III); ADCRR is discriminating against Plaintiff because of his disability in violation of the Fourteenth Amendment's equal protection clause (Count IV); ADCRR's refusal to abide by its own execution protocol by failing to provide a beyond use date for the pentobarbital it intends

to use during Plaintiff's execution and appropriate qualitative analysis violates his procedural due process rights under Fourteenth Amendment (Count V); and ADCRR's election to use cyanide gas violates Plaintiff's Eighth and Fourteenth Amendment rights (Counts VI and VII).

Plaintiff names as Defendants Arizona Attorney General Mark Brnovich and the following ADCRR officials: Director David Shinn, Eyman Complex Warden James Kimble, Florence Complex Warden Jeff Van Winkle, Assistant Director for Prison Operations Lance Hetmer, and Pharmacist John Doe. Plaintiff sues the Defendants solely in their official capacities. Plaintiff seeks declaratory and injunctive relief.

The Court will order Defendants to respond to the Complaint and direct Plaintiff to serve or obtain waivers of service from Defendants on an expedited basis. The Court notes, however, that Plaintiff has not filed a Motion for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a). The Court will direct Plaintiff to file a Notice no later than May 24, 2022, indicating whether and when he intends to file an emergency motion for injunctive relief.

**IT IS ORDERED**:

(1) Within **5 days** of the filing date of this Order, Plaintiff must either serve the Complaint and Summons on each Defendant with a copy of this Order or obtain a waiver of such service.

(2) A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 5 days of service of the Summons and Complaint or service of a waiver of the Summons and Complaint** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(3) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time specified by Rule 12 of the Federal Rules of Civil Procedure.

(4) Any answer or response must state the specific Defendant by name on

whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

    (5)    Plaintiff must file a Notice no later than May 24, 2022 indicating whether and when he may file a motion for emergency injunctive relief.

Dated this 20th day of May, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge