JOSEPH J. PERKOVICH, ESQ.
NY Bar No. 4481776
Phillips Black, Inc.
PO Box 4544
New York, NY 10163
Tel: (212) 400-1660
j.perkovich@phillipsblack.org

AMY P. KNIGHT, ESQ.
AZ Bar No. 031374
Knight Law Firm, PC
3849 E Broadway Blvd, #288
Tucson, AZ 85716-5407
Tel: (520) 878-8849
amy@amyknightlaw.com

DAVID A. LANE, ESQ.
CO Bar No. 16422
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, Colorado  80202
Tel:  (303) 571-1000
dlane@kln-law.com

REID ALLISON, ESQ. (*pro hac vice* pending)
CO Bar No. 52754
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, Colorado  80202
Tel:  (303) 571-1000
rallison@kln-law.com

*Attorneys for Frank Jarvis Atwood*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| FRANK JARVIS ATWOOD,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID SHINN, Director, Arizona Department of Corrections, Rehabilitation & Reentry; JAMES KIMBLE, Warden, ASPC-Eyman; JEFF VAN WINKLE, Warden, ASPC-Florence; LANCE HETMER, Assistant Director for Prison Operations, Arizona Department of Corrections, Rehabilitation & Reentry; MARK BRNOVICH, Attorney General of Arizona; JOHN DOE, Arizona-licensed Pharmacist,<br><br>  Defendants. | CASE NO. 2:22-cv-00860-JAT-JZB<br><br>**MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY FROM DEFENDANT JOHN DOE, ARIZONA-LICENSED PHARMACIST**<br><br>**This is a capital case. Execution set for 10 a.m. June 8, 2022** |

2

1. Plaintiff, through his attorneys, Joseph J. Perkovich, Amy P Knight, David Lane and Reid Allison, files the following Motion for Leave to Conduct Limited Expedited Discovery from Defendant John Doe ("Pharmacist") under Fed. R. Civ. P. 26(d), and states as follows in support:

**FACTUAL BACKGROUND**

2. Plaintiff filed his complaint on May 19, 2022. [Doc. 1].

3. To date, Plaintiff has been unable to determine the name of Defendant John Doe who is an Arizona-licensed pharmacist.

4. In the Complaint, Plaintiff described John Doe as an anonymous pharmacist retained by the Arizona Department of Corrections, Rehabilitation and Re-entry, to conduct pharmaceutical compounding of high-risk compounded sterile preparations, including but not limited to pentobarbital sodium solution for use in executions including, but not limited to pentobarbital sodium solution for use in executions including the execution of Plaintiff ordered to occur on June 8, 2022. Doc. 1 at 5. In addition, Plaintiff attached as Exhibit 10, a declaration by John Doe, with his actual name redacted, in connection with the execution of Clarence Dixon.

5. Plaintiff's current deadline to serve Defendants with the summons and complaint is beyond the date of Mr. Atwood's scheduled execution.

6. On Friday, May 20, 2022, Plaintiff's counsel contacted Assistant Attorney General Jeffrey Sparks seeking formal waiver of service for each of the named defendants, including John Doe. The Assistant Attorney General agreed to accept service for the named defendants. Later that day, Mr. Sparks sent another email clarifying that

he would not accept service for John Doe because his office does not represent the Pharmacist and that he was not aware of John Doe having counsel with respect to any litigation. Mr. Sparks explained that the Attorney General's Office "would be precluded from providing the identity of any counsel by A.R.S. 13-757(C)." It appears however, that members of the Attorney General's office are aware of the identity and contact information for the John Doe pharmacist they are using to compound the drugs to be used for the lethal injection of Mr. Atwood.

7.  It is respectfully requested herein, that the Attorney General be ordered to either provide counsel for Mr. Atwood with the contact information for John Doe (confidential to counsel all of whom would stipulate to a Protective Order) so that John Doe may be served, or that this Court Order the Attorney General to serve John Doe with the Summons and Complaint in this matter. This must occur no later than noon Monday, May 30, 2022 and this information must be emailed to all counsel of record in this matter.[1]

### LEGAL STANDARD

8.  Generally, Fed. R. Civ. P. 26(d) provides that the parties may not commence discovery until after the required conferral under Fed. R. Civ. P. 26(f). However, Under Rule 26(d), "A court may grant expedited discovery on a showing of good cause." *Fornix Holdings LLC v. Unknown Party*, No. CV-22-00494-PHX-DLR, 2022 WL 992546, at *2 (D. Ariz. Apr. 1, 2022). The District of Arizona held that "'Good cause may be found

---

[1] Counsel realizes this is a holiday, however on information and belief, this information is readily available to counsel for the Defendants and can easily be done with a simple email. Given the urgency of this matter, there should be no need for further delay.

where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Breaking Glass Pictures, LLC v. Doe*, No. CV-13-00599-PHX-GMS, 2013 WL 3805637, at *4 (D. Ariz. July 22, 2013) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D.Cal.2002)). Requests for expedited discovery must be "limited" in scope and "narrowly tailored" to the relief needed. *Avaya, Inc. v. Acumen Telecom Corp*, No. 10-cv-03075-CMA-BNB, 2011 U.S. Dist. LEXIS 1635, at *6 (D. Colo. Jan. 3, 2011).

9. An order granting leave for a plaintiff to conduct expedited discovery may be appropriate when a plaintiff seeks to sue unnamed defendants but through his own efforts is unable to identify the defendants to be sued. When "situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint," the "plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

10. District courts "routinely allow early discovery to enable plaintiffs to identify 'Doe' defendants." *Voltage Pictures, LLC v. Unknown Party*, No. CV-13-728-PHX-SMM, 2013 WL 12174691, at *1 (D. Ariz. July 15, 2013) (citing *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)). For example, in *Best W. Int'l, Inc. v. Doe*, No. CV-06-1537-PHX-DGC, 2006 WL 2091695, at *1 (D. Ariz. July 25, 2006), the District of Arizona found that "BWI has satisfied the good cause requirement. BWI has established by affidavit that it is unable to identify the John Doe Defendants by means other than the

subpoenas." In *Malibu Media, LLC v. John Does 1-23*, No. 12-cv-00836-MSK-KMT, 2012 U.S. Dist. LEXIS 48107, at *4 (D. Colo. April 4, 2012), the court granted expedited discovery to ascertain the identities of the John Doe defendants because the "[p]laintiff reasonably believe[d] that there [were] no practical methods to discover [d]efendants' identities without court-ordered discovery," and thus "it appear[ed] likely that [the] [p]laintiff [would] be thwarted in its attempts to identify [the] [d]efendants without the benefit of formal discovery mechanisms." The *Malibu Media* court cited with approval *Arista Records, LLC v. John Does 1-19*, in which the plaintiffs were found to have "set forth good cause for expedited discovery because the '[d]efendants must be identified before [the] suit [could] progress further.'" *Id.* at *3 (quoting *Arista Records*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008)); *see also, e.g.*, *Clear Skies Nev., LLC v. Doe*, No. 15-cv-02739-WYD-MEH, 2015 U.S. Dist. LEXIS 170148, at *2 (D. Colo. Dec. 21, 2015); *FX Audio Software, Inc. v. Doe*, No. 13-cv-02242-WYD-MEH, 2013 U.S. Dist. LEXIS 120947, at *2 (D. Colo. Aug. 26, 2013); *Sunlust Pictures, LLC v. Doe*, No. 12-cv-00656-CMA-KMT, 2012 U.S. Dist. LEXIS 39026, *3-4 (D. Colo. March 22, 2012); *20/20 Fin. Consulting, Inc. v. Does*, No. 10-cv-01006-CMA-KMT, 2010 U.S. Dist. LEXIS 55343, *3-4 (D. Colo. May 11, 2010).

11.   In *Malibu Media*, the court found that the plaintiff reasonably believed that "without [identifying] information, it [could not] serve defendants nor pursue this lawsuit." 2012 LEXIS 48107 at *2. The same is true here. Plaintiff is unable to serve Defendant John Doe until he learns his full name; such identifying information is in the sole possession and control of the Arizona Department of Corrections, Rehabilitation and

Reentry.

12. Plaintiff can thus demonstrate good cause justifying an order for leave to serve the attached limited expedited discovery for the purpose of identifying, and ultimately serving, this two Defendants, as well as amending the Complaint to reflect his full names. *See* Ex. 1, Plaintiff's Proposed Expedited Discovery Requests. Plaintiff's request for expedited discovery is "limited in scope" and "narrowly tailored" to its purpose because it is strictly limited to requests seeking information and/or records that would identify John Doe's actual name. *Avaya, Inc.*, 2011 U.S. Dist. LEXIS 1635, at *6. Plaintiff reasonably believes that without court-ordered discovery, there are no other "practical methods to discover" the defendant's identity. *Malibu Media*, 2012 U.S. Dist. LEXIS 48107, at *4. For Plaintiff's claims against Defendant John Doe to "progress further," his actual name "must be identified." *Arista Records*, 551 F. Supp. 2d at 6.

## CERTIFICATE OF CONFERRAL

13. Upon consultation with opposing counsel, Jeffrey Sparks has informed counsel for Mr. Atwood that they oppose this motion.

Respectfully submitted, this the 26th day of May, 2022,

    *s/ David A. Lane*
    DAVID A. LANE, ESQ.
    CO Bar No. 16422
    Killmer, Lane & Newman, LLP
    1543 Champa Street, Suite 400
    Denver, Colorado 80202
    Tel: (303) 571-1000
    dlane@kln-law.com