MARK BRNOVICH
ATTORNEY GENERAL
(FIRM STATE BAR NO. 14000)

JEFFREY L. SPARKS (AZ BAR NO. 27536)
DEPUTY SOLICITOR GENERAL
CHIEF OF CAPITAL LITIGATION
LAURA P. CHIASSON (AZ BAR NO. 19025)
CAPITAL LITIGATION SECTION
2005 N. CENTRAL AVENUE
PHOENIX, ARIZONA 85004
TELEPHONE: (602) 542-4686
CLDOCKET@AZAG.GOV

ATTORNEYS FOR DEFENDANTS

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| Frank Jarvis Atwood, | CV 22–00860–PHX–MTL (JZB) |
|---|---|
| Plaintiff, | **RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY FROM DEFENDANT JOHN DOE, ARIZONA-LICENSED PHARMACIST** |
| -vs- | |
| David Shinn, et al., | |
| Defendants. | |
| | **[CAPITAL CASE]** |
| | **Execution Scheduled for 10:00 a.m. June 8, 2022** |

Defendants David Shinn, James Kimble, Jeff Van Winkle, Lance Hetmer, and Mark Brnovich oppose Plaintiff Frank Atwood's Motion for Leave to Conduct Limited Discovery from Defendant John Doe, Arizona-Licensed Pharmacist. Dkt. 14. Atwood's motion should be denied because the pharmacist's identity is confidential under state law and as confirmed by Ninth Circuit precedent, and because the pharmacist's identity is not required for the relief Atwood requests or for this case to proceed.

## I. BACKGROUND.

In 1987, Atwood was sentenced to death for the 1984 murder of 8-year-old V.L.H.  During the ensuing 30 years, Atwood pursued his appeals in the state and federal courts.  On May 3, 2022, the Arizona Supreme Court issued a warrant for his execution, setting his execution for June 8, 2022. Because Atwood's crime was committed before November 23, 1992, Atwood could choose to be executed either by lethal injection or lethal gas.  *See* Ariz. Const. Art. 22, § 22.  Atwood was required to make this choice "at least twenty days before the execution date," or by May 19, 2022. A.R.S. § 13–757(B).  On May 18, 2022, Atwood completed and signed a form indicating his refusal to select an execution method. Under Arizona law, Atwood's failure to choose a method means that he will be executed by lethal injection. A.R.S. § 13–757(B).

On May 19, 2022, Atwood filed his initial complaint in this case, presenting seven claims alleging violations of the Eighth Amendment, § 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and the Rehabilitation Act.  Four of Atwood's claims relate to his claimed disability and severe back pain he expects to experience if he is executed by lethal injection while lying flat on his back.  *See* Dkt. 1, at Claims I–IV.  Claim V alleges that the Arizona Department of Corrections, Rehabilitation & Reentry (ADCRR) will violate its own procedures when it executes Atwood with drugs he believes are past their beyond-use date (BUD). In Claim VI, Atwood asserts that his procedural due process rights were violated by the ADCRR's failure to offer nitrogen gas hypoxia should he choose to be executed by lethal gas.[1]  In Claim VII, Atwood asserts that his Eighth Amendment rights were violated by ADCRR's current procedures for lethal gas executions.  Atwood named as Defendants four ADCRR officials and the Attorney

---

[1] ADCRR's current protocol uses cyanide gas.

General. Atwood also included "John Doe," ADCRR's compound pharmacist, as a Defendant.[2]

On May 20, 2022, this Court ordered Atwood to file a notice no later than May 24, 2022, indicating "whether and when he may file a motion for an emergency injunctive relief." Dkt. 5. Atwood filed a notice stating that he intended to file a motion for injunctive relief by May 26, 2022, and an amended notice stating he would file an amended complaint on May 27, 2022. Dkt. 9; Dkt. 13. Atwood filed his motion for emergency injunctive relief on May 26, seeking injunctive relief on his Eighth Amendment/ADA claims. Dkt. 16.

Atwood also filed the instant discovery motion on May 26. Dkt. 14. The motion requests that this Court order the Attorney General to either provide Atwood's counsel with contact information for the Doe Defendant or serve the Doe Defendant with the Summons and Complaint. *Id.*

## II. ATWOOD'S MOTION IS NOT SUPPORTED BY GOOD CAUSE.

A court may find good cause for expedited discovery "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 302 (E.D. Cal. 2016) (quotation omitted). Where a plaintiff is not aware of a defendant's identity prior to the filing of a complaint, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Atwood has failed to establish good cause to support his request for expedited discovery to obtain the identity of the Doe Defendant. As a preliminary

---

[2] Undersigned counsel and the Arizona Attorney General's Office do not represent the Doe Defendant.

matter, the Doe Defendant's identity is confidential under state law because that individual "participate[s] or perform[s] ancillary functions in an execution." A.R.S. § 13–757(C); *Guardian News & Media LLC v. Ryan*, 225 F.Supp.3d 859, 874 (D. Ariz. 2016) ("The compounding and/or preparation of such [lethal injection] drugs constitutes at least an ancillary function to an execution."). And the Ninth Circuit has held that neither the public and press's First Amendment right of access to governmental proceedings nor an inmate's First Amendment right of access to the courts require disclosure of information regarding personnel involved in executions. *First Amendment Coalition of Arizona, Inc. v. Ryan*, 938 F.3d 1069, 1080–81 (9th Cir. 2019). As a result, the identity and contact information of the Doe defendant are confidential as a matter of state and federal law and thus not disclosable.

Next, even if the Doe Defendant's identity was not required to remain confidential, Atwood fails to establish good cause for his discovery request. Learning the identity of the pharmacist and serving that individual with the summons and complaint is not required for Atwood to obtain the relief requested in his Complaint or his motion for emergency injunctive relief. The compounded pentobarbital to be used in Atwood's execution is only relevant to Claim V in the Complaint, which asserts that there is no valid beyond use date for the drug. Dkt. 1, at ¶¶ 59–64. Knowing the pharmacist's identity, however, is not necessary to obtaining relief—i.e., an injunction against his execution—on that claim.

Significantly, Atwood's pending Motion for Temporary Restraining Order and/or Preliminary Injunction appears only to seek emergency injunctive relief based on his Eighth Amendment and ADA claims arising from his spinal condition. Dkt. 16, at 13–18. He does not seek emergency injunctive relief on any claims involving the compounded pentobarbital. *See id.* Consequently, the pharmacist's identity is not relevant to Atwood's pending request for emergency injunctive relief with respect to his scheduled execution.

Moreover, the attached declaration from an ADCRR official makes clear that the pharmacist's role in Atwood's pending execution has already been completed. Exhibit 1. As the declaration confirms, the pentobarbital that will be used has been compounded and its beyond use date has been established. Thus, even if Atwood were seeking emergency injunctive relief regarding the pentobarbital, the pharmacist's participation in the lawsuit at this stage is not required for Atwood to seek an injunction against proceeding with his execution.

Atwood additionally notes that the "current deadline to serve Defendants with the summons and complaint is beyond the date of Mr. Atwood's scheduled execution." Dkt. 14, at 3. So, too, is Defendants' current deadline to answer the complaint or respond by appropriate motion under Rule 12 of the Federal Rules of Civil Procedure. *See* Dkt. 5, at 3. Defendants have thus not yet had the opportunity demonstrate that "the complaint would be dismissed on other grounds" pursuant to Rule 12(b). And Atwood has not shown any prejudice at this stage in the litigation from an inability to learn the identity of or serve the Doe defendant.

Finally, the cases Atwood's relies on do not support his request for relief. In *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999), for example, the plaintiff's complaint alleged that a Doe defendant had violated his Eighth and Fourteenth Amendment rights by exhibiting deliberate indifference to his serious medical needs. Here, in contrast, Atwood does not assert that the Doe defendant has violated or will violate Atwood's rights—instead the Complaint alleges that ADCRR officials will violate his rights if they proceed with his execution. In *Best Western Intern., Inc. v. Doe*, 2006 WL 2091695 (D. Ariz. July 25, 2006), the plaintiff filed an action against various John Doe Defendants. Because none of the defendants' identities were known, the plaintiff established good cause for discovery because the case could not proceed until the defendants were identified. *Id.* at *2. Similarly, in *Malibu Media, LLC v. John Does 1–23*, 2012 WL 1144822 (D. Colo. April 4, 2012), the plaintiff filed an action against unknown defendants

based on anonymous online behavior. Without discovery of their identities, the case could not progress. *Id.* at *2.

The present case is unlike those on which Atwood relies. In those cases the plaintiffs filed suit against unknown defendants; therefore, absent discovery of the defendants' identities, the cases could not proceed. Here, in contrast, Atwood filed suit against four named ADCRR officials and the Attorney General. If this Court were to grant injunctive and/or declaratory relief, it would grant that relief against these Defendants, not the pharmacist, whose role in Atwood's execution has already been performed. The pharmacist's identity is not required for this case to proceed. As a result, Atwood has failed to demonstrate good cause for his request for early discovery. His motion should therefore be denied.

DATED this 27th day of May, 2022.

Respectfully submitted,

Mark Brnovich
Attorney General


s/
Jeffrey Sparks
Deputy Solicitor General
Section Chief Counsel of Capital Litigation

Laura P. Chiasson
Assistant Attorney General

Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2022 I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Joseph J. Perkovich
Phillips Black, Inc.
P.O. Box 4544
New York, NY 10163
j.perkovich@phillipsblack.org

Amy Knight
Knight Law Firm, P.C.
3849 E. Broadway Blvd., #288
Tucson, Arizona 85716–5407
amy@amyknightlaw.com

David A. Line
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 700
Denver, ACO 80202
dlane@kln-law.com

Reid Allison
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 700
Denver, CO 80202
rallison@kln-law.com


s/ Liz Gallagher


S4ZJVXMC0EXK6A