JOSEPH J. PERKOVICH, ESQ.
NY Bar No. 4481776
Phillips Black, Inc.
PO Box 4544
New York, NY 10163
Tel: (212) 400-1660
j.perkovich@phillipsblack.org

AMY P. KNIGHT, ESQ.
AZ Bar No. 031374
Knight Law Firm, PC
3849 E Broadway Blvd, #288
Tucson, AZ 85716-5407
Tel: (520) 878-8849
amy@amyknightlaw.com

DAVID A. LANE, ESQ. (*pro hac vice* pending)
CO Bar No. 16422
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, Colorado   80202
Tel:  (303) 571-1000
dlane@kln-law.com

REID ALLISON, ESQ. (*pro hac vice* pending)
CO Bar No. 52754
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, Colorado   80202
Tel:  (303) 571-1000
rallison@kln-law.com


Attorneys for Frank Jarvis Atwood

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

1

| | |
|---|---|
| Frank Jarvis Atwood,<br><br>       Plaintiff,<br><br>   v.<br><br>David Shinn, Director, Arizona Department of Corrections, Rehabilitation & Reentry; James Kimble, Warden, ASPC-Eyman; Jeff Van Winkle, Warden, ASPC-Florence; Lance Hetmer, Assistant Director for Prison Operations, Arizona Department of Corrections, Rehabilitation & Reentry; Mark Brnovich, Attorney General of Arizona; John Doe, Arizona-licensed Pharmacist,<br><br>       Defendants. | CASE NO. 2:22-cv-00860-JAT-JZB<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY FROM DEFENDANT JOHN DOE, ARIZONA-LICENSED PHARMACIST**<br><br>**This is a capital case.  Execution set for 10 a.m. June 8, 2022** |

2

Defendants are wrong that Defendant John Doe—the pharmacist who mixed the drugs that the State plans to use to kill Mr. Atwood—is not a relevant defendant in Mr. Atwood's suit challenging the planned method of executing him. To this point, Mr. Atwood has received no information as to what this John Doe pharmacist actually did in preparing the lethal injection drugs.

Any meaningful determination on whether the drugs prepared for Atwood are even usable can only be determined through evidence the pharmacist responsible for preparing them can answer. This is especially true here because there has been no disclosure about the preparation other than by third-party laboratory testing results, which do not address the vital elements going into conducting stability testing, or "specialized testing," as it has been described in the Arizona Supreme Court litigation. The prevailing standard of care for a compounding pharmacist is to document the batch preparation and production of samples in order to yield verifiable data that can be applied to later preparations (e.g., the batches for Clarence Dixon, who the State executed on May 11, 2022, and now Mr. Atwood). Further, the identicality of active and inactive ingredients and formulations between the test batch and the batches for any given execution must be established even if, which does not appear to be the case, the so-called specialized testing of one batch has actually yielded a BUD for other batches. There is no other source of evidence than John Doe for these indispensable questions about whether the Defendants even possess execution drugs they can lawfully attempt to use on Plaintiff.

Defendants' argument is premised on the irrelevance of the John Doe pharmacist's identity and his or her actions. Once the pharmacist's role and importance is properly

understood, however, Defendants' argument falls apart.

First, Defendants assert that the pharmacist's identity is confidential under Arizona state law. Defendants are attempting to use a state law to give a state-contracted actor immunity from federal suit—if Defendants are not ordered to reveal the identity of the pharmacist, Plaintiff will not be able to find and serve that person, and they will receive immunity from this federal civil rights case. This stance is clearly in contravention of the Supremacy Clause of the United States Constitution. *See, e.g., Haywood v. Drown*, 556 U.S. 729, 736 (2009) ("[states] lack authority to nullify a federal right or cause of action they believe is inconsistent with their local policies.").

Plaintiff does not seek Defendant Doe's identity in order to harass the person or publicize their identity. This Court has many available options to limit the dissemination of their identifying information—including, for example, a protective order, insistence on use of only initials for the pharmacist in filings, and/or requiring some amount of filing under seal. <u>Plaintiff would do whatever is necessary to keep secret the pharmacist's identity once it is received</u>.

Next, Defendants' citation to Ninth Circuit case law is inapposite to these facts. In *First Amendment Coalition of Arizona, Inc. v. Ryan*, the Ninth Circuit held only that the general public and press do not have a First Amendment right to know details of drugs used in lethal injections, as well as information about the people involved in carrying out executions. 938 F.3d 1069, 1080-81 (9th Cir. 2019). The case did not involve any attempt to name as a Defendant a pharmacist involved in the preparation of lethal injection drugs in an Eighth Amendment federal civil rights lawsuit—rather, press organizations simply

sought more information about executions in order to bring greater public awareness. Therefore, *Ryan* had no bearing on and offers no support for the *de facto* immunity that Defendants argue here.

Similarly, Defendants' insistence that the Doe pharmacist has already completed his or her work on the drug cocktail and is therefore no longer relevant to the case, [Doc. 18] at 5, entirely misses the point. While the pharmacist may not do any further work on the drugs that the State plans to use to kill Mr. Atwood, the pharmacist is the only link to understanding how that mixture came to be. The drugs themselves obviously remain of paramount importance to these proceedings; thus, the person who mixed them is, as well. Courts routinely grant such discovery to identify, name, and serve defendants, and this Court must do so here.[1]

Ultimately, unless the pharmacist is able to provide evidence establishing the viability of their testing and its actual specific relationship to Mr. Atwood's designated batch of lethal injection drugs (active/inactive ingredients and formulation), the expiry of those drugs likely happened in mid-April, days after they were prepared. Even if the batch were frozen, the 45-day BUD has already run by today's date. These are factual disputes that must be resolved and can only be resolved by the involvement in this suit of the

---

[1] Defendants cite to no case to support their apparent contention that this discovery should not be allowed because Mr. Atwood has named other defendants, in addition to Defendant Doe. [Doc. 18] at 6. This lack of citation is not surprising, as there is no principled reason to condition such discovery on whether all defendants are unnamed or only one is. Defendants' counsel's final argument instead reads like a vague, unsubstantiated motion to dismiss a party whose identity they seek to conceal and who they have purported to not represent.

pharmacist who prepared the drugs. For this reason, this Court should grant Mr. Atwood's motion for expedited discovery.

Respectfully submitted, this the 27th day of May, 2022.

*s/ David A. Lane*
DAVID A. LANE, ESQ.
CO Bar No. 16422
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, Colorado   80202
Tel:  (303) 571-1000
dlane@kln-law.com
