IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood,<br>　　　　Plaintiff,<br>v.<br>David Shinn, et al.,<br>　　　　Defendants. | No. CV-22-00860-PHX-MTL (JZB)<br>**ORDER** |

　　　　Plaintiff Frank Atwood seeks authorization to conduct early discovery to learn the identity of the compounding pharmacist who prepared the pentobarbital to be used to execute Plaintiff on June 8, 2022 (Doc. 14). The Court denies the motion.

　　　　In determining whether to permit expedited discovery, district courts require the moving party to demonstrate "good cause" exists to deviate from the standard pretrial schedule set forth in Federal Rule of Civil Procedure 26. *See Sovereign Bank v. Terrence Scott Twyford, Jr.*, No. C11-1256RSM (W.D. Wash. Aug. 16, 2012) (adopting the "good cause" standard for motions for expedited discovery); *Renaud v. Gillick*, No. C06-1304RSL, 2007 WL 98465 (W.D. Wash. 2007) (finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Plaintiff contends that discovery of John Doe's identity is necessary to effect service of the Complaint and to amend the Complaint to properly identify him. In Count V of the Complaint, where Plaintiff alleges a violation of his Fourteenth Amendment due process rights for Defendants' failure to follow ADCRR's execution protocol, Plaintiff claims John Doe attested that he "follow[ed] the guidelines and requirements found in the United States Pharmacopeia" (USP) in preparing the pentobarbital that will be used in Plaintiff's execution (Doc. 1 at 63 ¶ 243). However, testing disclosed in connection with Clarence Dixon's execution reflected such testing had not been completed in accordance with USP guidelines. As a result, Defendant Doe is allegedly partially responsible for the resultant due process violation.

Defendants object to Plaintiff's discovery request. They maintain John Doe's identity must remain confidential under Arizona law and, alternatively, the pharmacist's identity is unnecessary for Plaintiff to obtain his requested relief. (Doc. 18). Plaintiff replies that state law cannot overcome Plaintiff's interest in learning John Doe's identity for the purpose of service. Further, Plaintiff alleges that he has not received any "information as to what this John Doe pharmacist actually did in preparing the lethal injection drugs." (Doc. 19 at 3).

The Court need not at this time resolve the question of whether John Doe's identity must remain confidential for the purpose of effecting service of process because the Court agrees Doe's identity is unnecessary to resolve Plaintiff's pending motion for injunctive relief. If the Court determines Defendants intend to use an expired or otherwise unreliable drug to execute Plaintiff, the alleged constitutional violation would be redressable by an order aimed at the ADCRR officials who utilize the drug, and not the John Doe Pharmacist

1  who prepared the drug.  There is simply no cause at this juncture to identify and serve
2  Defendant John Doe.  Any claims about the testing underlying the pentobarbital to be used
3  can be responded to by the remaining Defendants.
4  **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Expedite Discovery
5  (Doc. 14) is **denied**.
6  Dated this 27th day of May, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge