JOSEPH J. PERKOVICH, ESQ.
NY Bar No. 4481776
Phillips Black, Inc.
PO Box 4544
New York, NY 10163
Tel: (212) 400-1660
j.perkovich@phillipsblack.org

AMY P. KNIGHT, ESQ.
AZ Bar No. 031374
Knight Law Firm, PC
3849 E Broadway Blvd, #288
Tucson, AZ 85716-5407
Tel: (520) 878-8849
amy@amyknightlaw.com

DAVID A. LANE, ESQ.
CO Bar No. 16422
REID ALLISON, ESQ.
CO Bar No. 52754
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, Colorado   80202
Tel:  (303) 571-1000
dlane@kln-law.com
rallison@kln-law.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood,<br><br>  Plaintiff,<br><br>  v.<br><br>David Shinn, Director, Arizona Department of Corrections, Rehabilitation & Reentry; James Kimble, Warden, ASPC-Eyman; Jeff Van Winkle, Warden, ASPC-Florence; Lance Hetmer, Assistant Director for Prison Operations, Arizona Department of Corrections, Rehabilitation & Reentry; Mark Brnovich, Attorney General of Arizona; John Doe, Arizona-licensed Pharmacist,<br><br>  Defendants. | No. CV-22-00860-PHX-MTL (JZB)<br><br>**MOTION TO SEVER CLAIMS VI AND VII**<br><br>**EXECUTION WARRANT ISSUED FOR JUNE 8, 2022, 10:00 A.M.** |

Pursuant to Federal Rule of Civil Procedure 21, Plaintiff respectfully moves for the severance of Claims VI and VII of the Amended Complaint (Doc. 21), and to dismiss Defendant John Doe from these two claims. These two claims relate to the designation of hydrogen cyanide as the lethal gas method of execution by the Arizona Department of Corrections, Rehabilitation and Reentry,[1] and thus do not implicate Defendant John Doe, the pharmacist preparing the lethal injection drugs, for whom Plaintiff unsuccessfully sought leave for expedited discovery in order to effect the service of process. Counsel for the Named Defendants take no position on this motion.

---

[1] Arizona Department of Corrections, Rehabilitation and Reentry, Department Order 710 – Execution Procedures, amended Mar. 10, 2021, revised April 20, 2022), Doc. 21-1 at 76 - 79.

Because John Doe is a crucial defendant in claims I-V and VIII-X, all of which involve, to varying degrees, lethal injection drugs, the inability to serve him as a result of the denial of the discovery motion complicates the progress and resolution of those claims. As Claims VI and VII, which are limited to lethal gas, do not depend at all on his participation, those claims should be severed so they can proceed unhindered by the continued absence of John Doe. Such severance is particularly appropriate here because of the time pressure in this suit resulting from the pending execution date. Any claims that can proceed without additional complication should, and severing the claims not involving the pharmacist will facilitate that.

After Plaintiff initiated this suit on May 19, 2022, against the above-captioned individual Defendants, counsel from the Office of the Attorney General of Arizona waived service and thereafter entered appearances on behalf of each individual Defendant except John Doe (the "Named Defendants"). Thereupon, Plaintiff moved for leave to conduct expedited discovery in order to be able to effect service on John Doe, noting that the deadline for serving that individual is later than Plaintiff's June 8, 2022, execution date. Doc. 14 at 4. The Named Defendants opposed this leave, arguing John Doe's service of process "is not required for Atwood to obtain the relief requested in his Complaint or his motion for emergency injunctive relief." Doc. 18 at 4. This Court denied leave, finding no cause for ordering the disclosures regarding Defendant Doe (Doc. 20 at 3).

"It is well-settled that Rule 21 invests district courts with authority" to permit dropping a party "at any time, even after judgment has been rendered." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572-73 (2004) ((citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832, 983 (1989)); *see generally Payroll Management, Inc. v. Lexington Ins. Co.*, 815 F.3d 1293, 1298 n.8 (11th Cir. 2016) (citing *Newman-Green, Inc.*, 490 U.S. at 932).

The persisting impediment to serving Defendant John Doe counsels for severance of these two claims that do not concern Defendant Doe in any way but concern the Named Defendants by their designation and intention to use hydrogen cyanide gas as the lethal gas method called for under the Arizona Constitution. Accordingly, this Court should sever Claims VI and VII and direct the Clerk of Court to assign a new case number to the separate action for those two claims, and to file the separate Complaint asserting only those two claims that accompanies the Proposed Order filed with this motion under that new case number. *Cf. Ortiz v. Maricopa County Sheriff's Office,* No. CV-2015-79-PHX-MTL-JZB, 2021 WL 4355601 at *1 (D. Ariz. Sept. 24, 2021) ("[T]he Court severed that action into individual actions for each Plaintiff and directed the Clerk of Court to assign a new case number to each new individual action and file a copy of the Order and the Complaint in each new action."); *Weaver v. Shinn,* No. CV-2021-445-PHX-JAT-MTM, 2021 WL 1163131 at *1-2 (D. Ariz. March 26, 2021) (ordering case severed into separate actions and ordering Clerk of Court to "assign a new case number to each individual action" and "file a copy of the Complaint. . . in each new case,"

explaining that "Rule 21 of the Federal Rules of civil Procedure authorizes the Court to drop parties on just terms and sever claims.").

Respectfully submitted this 31st day of May 2022,

/s *Joseph J. Perkovich*

Joseph J. Perkovich
Amy P. Knight
David Lane
Reid Allison

Attorneys for Frank Atwood

.