# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood,<br><br>    Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Defendants. | No. CV-22-00860-PHX-MTL (JZB)<br><br>**ORDER** |

In this civil rights action, Plaintiff Frank Atwood sued various Arizona Department of Corrections, Rehabilitation, and Reentry (ADCRR) officials challenging aspects of ADCRR's Execution Protocol. The Court will direct Plaintiff to show cause why Counts VI and VII should not be dismissed for lack of standing.

## I. Background

Plaintiff presented ten claims for relief in his First Amended Complaint. In his first five claims, Plaintiff challenges ADCRR's lethal injection procedures under the Eighth Amendment, Americans with Disabilities Act, and Rehabilitation Act rights (Counts I, II, and III); the Fourteenth Amendment's equal protection clause (Count IV); and the Fourteenth Amendment's due process clause (Count V). Plaintiff also challenges due process and statutory violations of his right of access to the courts and to counsel during his execution (Counts VIII and IX). And finally, Plaintiff alleges Eighth and Fourteenth Amendment violations based on the potential for pentobarbital intoxication should the execution be interrupted or suspended (Count X). In his remaining counts, however,

Plaintiff challenges ADCRR's use of cyanide gas, claiming its use violates his Eighth and Fourteenth Amendment rights (Counts VI and VII).

In his claims challenging the lethal injection protocol, Plaintiff named Defendant John Doe, the pharmacist who compounded the pentobarbital to be used in Plaintiff's execution. Plaintiff unsuccessfully sought expedited discovery to identify and serve Defendant Doe. Apparently based on that decision, Plaintiff moves to sever Counts VI and VII, arguing these claims should move forward unimpeded.[1]

## II. Legal Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

## III. Lack of Standing

Pursuant to Ariz. Rev. Stat. § 13-757, Plaintiff is permitted to choose between lethal gas or lethal injection as the method of execution. Plaintiff's claims in Counts VI and VII are premised on being unable to choose a method of execution because ADCRR has not provided him with a gas option that comports with the Arizona and United States constitutions. But because Plaintiff did not affirmatively elect a method of execution, ADCRR intends to execute Plaintiff through lethal injection. (Doc. 23 at 2) For that reason, the Court is skeptical there is any likelihood that Plaintiff faces an unconstitutional execution using lethal gas.

There are three elements to standing: (1) that Plaintiff has suffered an invasion of a legally protected interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical, (2) that there is a causal connection between the injury and

---

[1] It is not clear why Plaintiff believes Counts VI and VII must be severed in order to proceed. Or, for that matter, why the remaining claims may not proceed in the absence of Defendant Doe.

conduct complained of and that the injury is fairly traceable to the conduct of the defendants, and (3) that it is "likely" as opposed to merely speculative that the injury will be redressed by a favorable decision. *Lujan v. Defendants of Wildlife*, 504 U.S. 555, 560-61 (1992). With regard to the first element, "[a]n allegation of future injury may suffice if the threatened injury is 'certainly impending," or there is a 'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citation omitted). Based on the operation of § 13-757, it is unclear how a decision on the constitutionality would redress an impending injury. For this reason, before ruling on the Motion to Sever, the Court will require Plaintiff to show cause why Counts VI and VII should not be dismissed for lack of standing.

**IT IS THEREFORE ORDERED** that Plaintiff must file a Response to this Order no later than 12:00 p.m. on Friday, June 3, 2022.

Dated this 2nd day of June, 2022.

Michael T. Liburdi
United States District Judge