MARK BRNOVICH
ATTORNEY GENERAL
(FIRM STATE BAR NO. 14000)

JEFFREY L. SPARKS (AZ BAR NO. 27536)
DEPUTY SOLICITOR GENERAL
SECTION CHIEF OF CAPITAL LITIGATION
LAURA P. CHIASSON (AZ BAR NO. 19025)
ASSISTANT ATTORNEY GENERAL
CAPITAL LITIGATION SECTION
400 WEST CONGRESS, BLDG. S–215
TUCSON, ARIZONA 85701–1367
TELEPHONE: (520) 628–6520
CLDOCKET@AZAG.GOV

ATTORNEYS FOR DEFENDANTS

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood,<br><br>         Plaintiff,<br><br>-vs-<br><br>David Shinn, et al.,<br><br>         Defendants. | CV 22–00860–PHX–MTL (JZB)<br><br>**MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY TO RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |

Defendants respectfully submit this motion for leave to file a Sur-Reply to Plaintiff's Reply to Response to Motion for Temporary Restraining Order and/or Preliminary Injunction. Defendants seek leave to file a sur-reply of 5 pages (attached hereto as Exhibit A) to respond to arguments included for the first time in Plaintiff's reply.

On May 26, 2022, Plaintiff filed a Motion for Temporary Restraining Order and/or Preliminary Injunction. Dkt. 16. The motion referenced Plaintiff's claims regarding the beyond use date of the compounded pentobarbital that will be used in his execution in the background and fact sections, but did not mention those claims in the argument section, and did not argue that he had a reasonable

likelihood of success on those claims. *See generally id.* Instead, Plaintiff only argued that he was likely to succeed on the merits of his claims that: 1) "Arizona's execution protocol requirement of laying an individual supine on a gurney and strapping them down before injecting them with lethal drugs is a violation of the Eighth Amendment as applied to Mr. Atwood"; and 2) requiring him to lie supine on the execution table would violate his rights under the ADA. *Id.* at 13–18. As a result, Defendants filed a response arguing, in addition to the other relevant factors, that Plaintiff was not entitled to emergency injunctive relief because he had not established a reasonable likelihood of success on the Eighth Amendment and ADA claims related to his back condition. Dkt. 23.

In Atwood's Reply to Response to Motion for Temporary Restraining Order and/or Preliminary Injunction, filed on June 2, 2022, Plaintiff asserted that Defendants' Response ignores his "central justification for an injunction" which he asserts are his claims regarding the beyond use date of the compounded pentobarbital that will be used for his execution, and argued this was a reason to grant emergency injunctive relief. Dkt. 35, at 3–10. But because Atwood's motion did not contend he had a reasonable likelihood of success on his claims challenging the execution drug, Defendants had no reason to believe he sought injunctive relief on those claims and no reason to address them in responding to Atwood's motion.

Granting leave to file a sur-reply … is generally appropriate when a party raises new issues or new evidence in a reply brief." *Gause v. Indy*, No. CV-15-02514-JJT-ESW, 2016 WL 5465601, at *2 (D. Ariz. Sept. 29, 2016). Defendants' sur-reply addresses the contention that Atwood seeks injunctive relief on the claims regarding the drug's beyond use date, which he did not make clear in his initial motion. Defendants' sur-reply argues that: 1) Atwood waived injunctive relief on his beyond use date claims by not arguing he was likely to succeed on the merits of those claims in his initial motion; 2) Atwood has not shown a likelihood

2

of success on the merits on those claims; and 3) the appropriate remedy if he had shown he was entitled to injunctive relief on those claims is an order requiring ADCRR to prepare a new batch of pentobarbital to use in Atwood's execution.

Defendants respectfully submit that the Court will benefit from additional briefing on these issues. *See, e.g., Sebert v. Arizona Department of Corrections*, No. CV-16- 00354-PHX-ROS (ESW), 2016 WL 3456909, at *1 (D. Ariz. 2016) ("In determining whether to allow a sur-reply, a 'district court should consider . . . whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion.'") (citations omitted).  In determining whether to allow a sur-reply, a district court should consider whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted. *Liberty Corp. Cap. Ltd. v. Steigleman*, No. CV-19-05698-PHX-GMS, 2020 WL 2097776, at *1 n.2 (D. Ariz. May 1, 2020).  Because Atwood contends for the first time in his reply that he is entitled to emergency injunctive relief on his beyond use date claims, and Defendants' sur-reply would be helpful to the resolution of the pending motion, Defendants request leave to file the attached sur-reply.

RESPECTFULLY SUBMITTED this 2nd day of June, 2022.

Mark Brnovich
Attorney General

/s/ Jeffrey L. Sparks
Deputy Solicitor General
Section Chief of Capital Litigation

Laura P. Chiasson
Assistant Attorney General

Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2022, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and served the attached document using ECF on the following registered participants of the ECF System:

Joseph J. Perkovich
Phillips Black, Inc.
PO Box 4544
New York, NY 10163
Tel: (212) 400-1660
j.perkovich@phillipsblack.org

Amy P. Knight
Knight Law Firm, PC
3849 E. Broadway Blvd., #288
Tucson, AZ 85716
Tel: (520) 878-8849
amy@amyknightlaw.com

David A. Lane
Reid Allison
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Tel: (303) 571-1000
dlane@kln-law.com
rallison@kln-law.com

Attorneys for Plaintiff


s/ Maria Palacios