# EXHIBIT A

MARK BRNOVICH
ATTORNEY GENERAL
(FIRM STATE BAR NO. 14000)

JEFFREY L. SPARKS (AZ BAR NO. 27536)
DEPUTY SOLICITOR GENERAL
SECTION CHIEF OF CAPITAL LITIGATION
LAURA P. CHIASSON (AZ BAR NO. 19025)
ASSISTANT ATTORNEY GENERAL
CAPITAL LITIGATION SECTION
400 WEST CONGRESS, BLDG. S–215
TUCSON, ARIZONA 85701–1367
TELEPHONE: (520) 628–6520
CLDOCKET@AZAG.GOV

ATTORNEYS FOR DEFENDANTS

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood,<br><br>        Plaintiff,<br><br>-vs-<br><br>David Shinn, et al.,<br><br>        Defendants. | CV 22–00860–PHX–MTL (JZB)<br><br>**SUR-REPLY TO PLAINTIFF'S REPLY TO RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |

      In his Reply to Response to Motion for Temporary Restraining Order and/or Preliminary Injunction, Plaintiff Frank Jarvis Atwood asserts that Defendants' Response ignores his "central justification for an injunction" which he asserts are his claims regarding the beyond use date of the compounded pentobarbital that will be used for his execution. Dkt. 35, at 3–10. However, Atwood's Motion for Temporary Restraining Order and/or Preliminary Injunction did not seek emergency injunctive relief on that basis. Instead, Atwood only argued that he was likely to succeed on the merits of his claims that: 1) "Arizona's execution protocol requirement of laying an individual supine on a gurney and strapping them down before injecting them with lethal drugs is a violation of the Eighth

Amendment as applied to Mr. Atwood"; and 2) requiring him to lie supine on the execution table would violate his rights under the ADA. Dkt. 16, at 13–18.

A party seeking a preliminary injunction must establish, in addition to other requirements, "that he is likely to succeed on the merits." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Atwood did not argue that he is likely to succeed on the merits of his claims regarding the execution drug in his motion. To the extent he attempts to raise it for the first time in his reply, that argument is waived. *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("arguments raised for the first time in a reply brief are waived"). Atwood has therefore waived any request for emergency injunctive relief based on his claims regarding the compounded pentobarbital's beyond use date.

Moreover, even if an injunction on this basis were not waived, Atwood has failed to show a reasonable likelihood of success on the merits of his claims based on the beyond use date. The premise of Atwood's claims regarding the beyond use date is that the compounded pentobarbital to be used in his execution will be expired. However, during the course of litigation Atwood previously filed in the Arizona Supreme Court on that issue, ADCRR provided information establishing that the compounded pentobarbital that will be used in Atwood's execution will not be expired because it has a beyond use date of October 6, 2022. (*See* Attachment.) Atwood is therefore incorrect that the drug will be expired.

To succeed on an Eighth Amendment method-of-execution claim regarding the drug's beyond use date, Atwood must establish that the method presents a risk that is "sure or very likely to cause serious illness and needless suffering and give rise to sufficiently imminent dangers." *Glossip v. Gross*, 576 U.S. 863, 877 (2015) (quoting *Baze v. Rees*, 553 U.S. 35, 50 (2008)) (cleaned up). And for Atwood to prevail, "there must be a substantial risk of serious harm, an objectively intolerable risk of harm that prevents prison officials from pleading that they were subjectively blameless for purposes of the Eighth Amendment." *Id*. (quoting *Baze*,

2

553 U.S. at 50) (cleaned up).  Because the pentobarbital has a beyond use date of October 6, 2022, Atwood has failed to show a reasonable likelihood that the compounded pentobarbital is sure or very likely to "cruelly superadd[] pain to the death sentence." *See Bucklew v. Precythe*, 139 S. Ct. 1112, 1125 (2019).

Nor has Atwood shown a reasonable likelihood of success on a due process claim regarding the requirement that ADCRR not use an expired drug.  "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (Rehnquist, C.J., for plurality) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). In other words, "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or *Eighth Amendment*, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n. 7 (1997) (emphasis added); *see also Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir.2012) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.").  Dixon's substantive liberty interest is to be executed without violating the Eighth Amendment's prohibition against "cruel and unusual punishment[]."  Instead, Dixon's claim must be analyzed under the Eighth Amendment's specific rubric and not under the generalized due process rubric.

Furthermore, Atwood 's beyond use date claims seek to go far beyond the execution procedures by challenging the *methodology* used to establish the pentobarbital's beyond use date and seeking evidentiary development regarding that methodology.  Nothing in the ADCRR's execution procedures supports

3

Atwood's attempt. The procedures simply require that ADCRR act in good faith by not using a chemical for an execution that is past its beyond use date. The procedures do not specify how a beyond use date must be determined. By asserting that ADCRR is in violation of its execution procedures based on the contention that the pentobarbital's beyond use date is invalid and requesting factual determinations regarding how the BUD was derived, Atwood thus goes far beyond what is required by either ADCRR's execution procedures or the Eighth Amendment.

Atwood cites no legal authority in support of his request to challenge and litigate the validity of the pentobarbital's beyond use date. *See* Dkt. 16, at 4–5; Dkt. 35, at 3–10. By analogy, if ADCRR intended to use manufactured pentobarbital, rather than a compounded product, no legal authority would support an inmate's ability to dispute the expiration date placed on the label by the manufacturer or to engage in discovery regarding the process by which the manufacturer derived the expiration date. Atwood's therefore has failed to show a reasonable likelihood of success on the merits of his claims challenging the compounded pentobarbital's beyond use date.

Finally, even if Atwood could establish that he is entitled to emergency injunctive relief on his beyond-use-date claims, the appropriate remedy would not be a stay of execution or an order requiring ADCRR to use an alternative method of execution. Instead, the appropriate remedy would be an order requiring ADCRR to prepare a new batch of compounded pentobarbital within 72 hours of Atwood's execution and provide the results of quantitative testing of that batch to Atwood. Such a remedy, as occurred by agreement of the parties in the recent execution of Clarence Dixon (which Atwood acknowledges, Dkt. 35, at 4), would render moot any claim that the compounded pentobarbital used for Atwood's execution is expired.

RESPECTFULLY SUBMITTED this 2nd day of June, 2022.

                    Mark Brnovich
                    Attorney General

                    <u>/s/ Jeffrey L. Sparks</u>
                    Deputy Solicitor General
                    Section Chief of Capital Litigation

                    Laura P. Chiasson
                    Assistant Attorney General

                    Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2022, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and served the attached document using ECF on the following registered participants of the ECF System:

Joseph J. Perkovich
Phillips Black, Inc.
PO Box 4544
New York, NY 10163
Tel: (212) 400-1660
j.perkovich@phillipsblack.org

Amy P. Knight
Knight Law Firm, PC
3849 E. Broadway Blvd., #288
Tucson, AZ 85716
Tel: (520) 878-8849
amy@amyknightlaw.com

David A. Lane
Reid Allison
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Tel: (303) 571-1000
dlane@kln-law.com
rallison@kln-law.com

Attorneys for Plaintiff


s/ Maria Palacios

# ATTACHMENT

I, ██████████████, hereby declare as follows:

1. I am over 18 years of age and would testify to the following based on my first-hand knowledge.
2. I am the Housing Unit 9 Section Leader for the Arizona Department of Corrections, Rehabilitation & Reentry (ADCRR).
3. Pursuant to Attachment D to the ADCRR's Department Order 710, I am responsible for maintaining custody of the compounded pentobarbital that will be used in the execution of Frank Atwood on June 8, 2022.
4. As required by Section A(1)(III) of Attachment D, I have ensured "that complete sets of chemicals are on site, not expired, and immediately available for use." Specifically, I have been informed that ADCRR's compound pharmacist assigned a beyond use date of October 6, 2022 to the compounded pentobarbital that will be used in the execution of Frank Atwood on June 8, 2022.

DATED this 23rd day of May, 2022.