JOSEPH J. PERKOVICH, ESQ.
NY Bar No. 4481776
Phillips Black, Inc.
PO Box 4544
New York, NY 10163
Tel: (212) 400-1660
j.perkovich@phillipsblack.org

AMY P. KNIGHT, ESQ.
AZ Bar No. 031374
Knight Law Firm, PC
3849 E Broadway Blvd, #288
Tucson, AZ 85716-5407
Tel: (520) 878-8849
amy@amyknightlaw.com

DAVID A. LANE, ESQ. (*pro hac vice*)
CO Bar No. 16422
REID ALLISON, ESQ. (*pro hac vice*)
CO Bar No. 52754
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, Colorado 80202
Tel: (303) 571-1000
dlane@kln-law.com
rallison@kln-law.com
*Attorneys for Frank Jarvis Atwood*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Frank Jarvis Atwood, | No. CV-22-00860-PHX-MTL (JZB) |
| Plaintiff, | |
| v. | **RESPONSE TO ORDER TO SHOW CAUSE** |
| David Shinn, Director, Arizona Department of Corrections, Rehabilitation | |

1

| | |
|---|---|
| & Reentry; James Kimble, Warden, ASPC-Eyman; Jeff Van Winkle, Warden, ASPC-Florence; Lance Hetmer, Assistant Director for Prison Operations, Arizona Department of Corrections, Rehabilitation & Reentry; Mark Brnovich, Attorney General of Arizona; John Doe, Arizona-licensed Pharmacist,<br><br>                             Defendants. | **EXECUTION WARRANT ISSUED FOR JUNE 8, 2022, 10:00 A.M.** |

On June 2, this Court ordered Plaintiff "to show cause why Counts VI and VII should not be dismissed for lack of standing." (Doc. 31). This Court should find that Plaintiff *does* have standing because otherwise, no plaintiff will ever be able to challenge the State's outrageous choice of a torturous gas option when a painless option is available, as if he were to affirmatively choose that unconstitutional gas method in order to challenge it, he would be denied standing by virtue of the fact that he had selected it. If this Court nonetheless finds Mr. Atwood has no standing, it should enter judgment immediately pursuant to Federal Rule of Civil Procedure 54(b) so that Mr. Atwood may seek review of this issue before his June 8th execution date arrives.

**A. Mr. Atwood Must Have Standing Because Otherwise, Arizona's Choice of Hydrogen Cyanide Is Completely Immune From Challenge.**

This Court stated in its Order, citing general standing law, that "Based on the operation of § 13-757, it is unclear how a decision on the constitutionality would redress an impending injury." (Doc. 31 at 3). Understanding of this issue requires context, and the Ninth Circuit has already considered closely related problems.

In *Poland v. Stewart,* 117 F.3d 1094 (9th Cir. 1997), Michael Poland, like Mr. Atwood, was entitled to a choice between lethal gas and lethal injection, but Poland's

2

claim was presented as part of his habeas corpus petition, before he was set for execution and asked to make such a choice. The Court explained that unless he actually chose lethal gas, the claim was not ripe because he did "not currently face any risk of execution by lethal gas and will face no hardship or immediate or certain danger if we do not review his Eighth Amendment lethal gas claim at this time." *Id.* at 1104.[1] The Court relied on its decision in *Poland* when it told the same thing to brothers Karl and Walter LaGrand. *LaGrand v. Stewart,* 133 F.3d 1253, 1263 (9th Cir. 1998).

Subsequently, Karl LaGrand *did* choose lethal gas, albeit with the recognition that the same method had been found unconstitutional in California. *LaGrand v. Stewart,* 173 F.3d 1144, 1149 (9th Cir. 1999). The Ninth Circuit recognized that because he had chosen gas, he could challenge it, and it was, in fact, unconstitutional, and consequently issued a stay of execution. *Id.* The Supreme Court, however, vacated that stay, and never took up the question raised by the State's petition for certiorari: "Does an inmate who chooses to be executed by lethal gas, rather than the available constitutional method of lethal injection, waive his right to complain that lethal gas is unconstitutional?" 525 U.S. 1173 (1999). Karl LaGrand underwent a horrific execution by hydrogen cyanide gas shortly thereafter.

As it stands, then, *Poland* suggests an inmate cannot challenge lethal gas as a method if he faces no risk of a lethal gas execution. Michael Poland, however, brought his challenge before the question of method had been put to him at all. Mr. Atwood, in contrast, was asked to choose, and prior to the date by which he would have had to elect gas, his counsel twice contacted counsel for the Department and the Attorney General's Office, demanding to be offered a gas option that was not unconstitutional, such as nitrogen, and explaining that in the absence of a constitutionally viable option for lethal

---

[1] Poland was subsequently executed by lethal injection.

gas, his decision not to elect hydrogen cyanide could not be construed as a failure to choose pursuant to A.R.S. § 13-757, which would have triggered the automatic use of lethal injection. (Amended Complaint Exhibits 32, 34). Thus, unlike Poland, he *is* facing an imminent execution and *has* expressed a desire to choose gas—just not the torturous one Arizona has designated. Accordingly, *Poland* does not foreclose standing for Mr. Atwood.

Additionally, the Court must be clear on the specific legal claims being asserted here. Claim VII is a claim that execution by hydrogen cyanide lethal gas would violate the Eighth Amendment, which appears to be the claim the Court had in mind in issuing its order. But Claim VI asserts a different injury, and one that occurs not through the eventual use of hydrogen cyanide (which this Court rightly recognizes is unlikely to occur), but through the State's failure to offer Mr. Atwood the choice it is required to offer him—thus depriving him of a liberty interest in that choice without due process of law, under the Fourteenth Amendment. That injury began occurring as soon as the window for making the choice allowed by statute ( A.R.S. § 13-757) closed without Mr. Atwood being offered a valid choice, and continues at present and will continue until he is either executed without ever being given a valid choice, or the choice is offered. It cannot be said that the violation is unlikely to occur when it is already underway.

Of course, the constitutionality of hydrogen cyanide gas as an execution method is relevant to this due process claim, because it is that method's unconstitutionality that renders the purported choice Mr. Atwood has been offered a false one that does not satisfy Arizona's duties under its own Constitution and statute. Thus, even if this Court determines that Mr. Atwood has no standing per se to assert Claim VII, that issue still must be determined in order to resolve Claim VI.

**B. If this Court determines that Mr. Atwood does not have standing, it should find that there is no just reason for delay and immediately enter final**

**judgment on Claims VI and VII pursuant to Federal Rule of Civil Procedure 54(b).**

Federal Rule of Civil Procedure 54(b) provides in relevant part:

> When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

This rule "was adopted 'specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case.... The Rule thus aimed to augment, not diminish, appeal opportunity.'" *Jewel v. National Security Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Gelboim v. Bank of Am. Corp.,* 574 U.S. 405, 408 (2015).

In making the certification determination, courts consider judicial administrative interests, namely "whether the certified order is sufficiently divisible from the other claims such that the 'case would [not] inevitably come back to [the Court of Appeals] on the same set of facts.'" *Id.* (quoting *Wood v. GCC Bend, LLC,* 422 F.3d 873, 879 (9th Cir. 2005). This inquiry "does not require the issues raised on appeal to be completely distinct from the rest of the action." *Id.*; *see also Wood,* 422 F.3d at 881 ("We do not mean to suggest that claims with overlapping facts are foreclosed from being separate for purposes of Rule 54(b). Certainly they are not. Both the Supreme Court and our court have upheld certification on one or more claims despite the presence of facts that overlap remaining claims when, for example. . . the case is complex and there is an important or

controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims.").

Claims Six and Seven (the "gas claims") are separable from those that remain, and the issues are such that no appellate court will have to decide the same issues more than once if the appeal of these two claims is allowed to proceed now. Specifically, there is no standing dispute at all on the lethal injection-related claims, and the only basis for a dismissal of Claims 6 and 7 at this time would be standing, which can be decided on a very limited set of largely undisputed facts. The question of how to reconcile *Poland* and *Fierro,* in terms of how a lethal gas method could ever be challenged in Arizona, shares no common questions or facts with questions of how Mr. Atwood may be positioned during a lethal injection execution, the suitability of lethal injection drugs, the qualifications of the lethal injection team, or Mr. Atwood's access to counsel. Although the merits of the gas claims may have some overlap with the lethal injection claims, in that both involve an 8th Amendment analysis and the availability of each method may bear on the analysis of the other, the question of *standing* for the gas claims is entirely separate from the lethal injection claims. Accordingly, there is no risk of repeated litigation, nor of the appeal mooting the rest of the litigation or vice versa. Accordingly, judicial administrative interests do not counsel waiting for judgment on the other claims before proceeding with an appeal of the standing decision.

Courts also consider "the equities involved." *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8 (1980) (considering parties' financial interests in proceeding with

immediate appeal). Here, tere is no just reason for delay. Indeed, delay would be manifestly *unjust*, given the short timeline remaining before the execution in question must occur and the enormous stakes. The question of standing here is clearly one for the Court of Appeals, which has in the past issued two decisions in this area that are difficult to reconcile, in cases involving similar gas claims that were not filed alongside lethal injection claims. Certifying it as a final judgment now will permit the Court of Appeals to begin the process of making that determination while the complex factual issues underlying the lethal injection claims proceed in this Court, and if the Court of Appeals finds Mr. Atwood *does* have standing, it will permit those claims to resume in this Court. Refusing to certify the dismissal of these claims and enter final judgment would lead either to an execution while the question of whether Arizona's choice of method violated Mr. Atwood's constitutional rights is not fully resolved, or to an even greater time crunch on this obviously difficult legal issue than already exists. *Cf. Alfaro v. Johnson,* 862 F.3d 1176, 1179 (9th Cir. 2017) (resolving appeal of single claim from still-pending capital habeas petition on which district court had entered judgment under Rule 54(b)). Moreover, proceeding to resolve the standing issue now would not prejudice the State, who presumably also has an interest in final resolution of the issues as expeditiously as possible.

Accordingly, if this Court finds Mr. Atwood has no standing for Claims VI and VII, it should rule that there is no just reason for delay, and immediately enter final judgment under Rule 54(b). *Cf. Krause v. Yavapai County,* 2020 WL 4530467 (D. Ariz.

Aug. 6, 2020) (entering judgment under Rule 54(b) in favor of one of multiple defendants in § 1983 action after finding that defendant immune from suit, noting "even if the Court of Appeals were to take other appeals in this action, it would not have to decide absolute immunity more than once.").

DATED: June 3, 2022

                              Respectfully submitted,

                              /s *Joseph J. Perkovich*

                              Joseph J. Perkovich
                              Amy P. Knight
                              David Lane
                              Reid Allison

                              Attorneys for Frank Atwood

.