FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 7 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK JARVIS ATWOOD,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>DAVID SHINN, Director, Arizona Department of Corrections, Rehabilitation & Reentry; JAMES KIMBLE, Warden, ASPC-Eyman; JEFFREY VAN WINKLE, Warden, ASPC-Florence; LANCE HETMER, Assistant Director for Prison Operations, Arizona Department of Corrections, Rehabilitation & Reentry; MARK BRNOVICH, Attorney General, Attorney General of Arizona; UNKNOWN PARTY, Named as John Doe - Arizona-Licensed Pharmacist,<br><br>        Defendants-Appellees. | No.   22-15821<br><br>D.C. No.<br>2:22-cv-00860-MTL-JZB<br><br>OPINION |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted June 6, 2022
San Francisco, California

Before:  M. Margaret McKeown, Consuelo M. Callahan, and Sandra S. Ikuta, Circuit Judges.

Per Curiam

Frank Atwood is scheduled to be executed in Arizona on Wednesday, June 8, 2022. On May 19, 2022, he sued various Arizona Department of Corrections, Rehabilitation & Reentry ("ADCRR") officials and the Arizona Attorney General, Mark Brnovich, (collectively "Defendants") challenging Defendants' proposed protocol for his execution. Atwood filed a motion for a preliminary injunction prohibiting his execution until such time as Defendants can assure the district court that his execution would comply with various federal statutes and the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. The district court denied the motion for a preliminary injunction and Atwood has appealed and filed two motions to stay his execution. We deny the motions because: (1) we defer to the district court's finding that Defendants' accommodations for Atwood's degenerative spinal disease preclude a finding that their lethal injection protocol creates a substantial risk of severe pain; (2) even assuming without deciding that Defendants' Execution Protocol may give rise to a liberty interest, there is insufficient evidence that Atwood's due process rights were violated; and (3) given that Defendants shall execute Atwood by lethal injection, he lacks standing to challenge Defendants' protocol for execution by lethal gas.

## I

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence

of preliminary relief, that the balance of equities tips in his favor, and that an

injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015)

(quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The burden

of persuasion is on the movant, who must make a "clear showing." *Mazurek v.

Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis removed).

We review a denial of a request for a preliminary injunction for an abuse of

discretion, *Am. Hotel v. Lodging Ass'n v. City of L.A.*, 834 F.3d 958, 962 (9th Cir.

2016), and dismissal of a claim for lack of standing de novo, *Barrus v. Sylvania*, 55

F.3d 468, 469 (9th Cir. 1995). We review the district court's factual determinations

for clear error. *Edmo v. Corizon, Inc.*, 935 F.3d 757, 784 (9th Cir. 2019).

## II

Atwood alleges that he is wheelchair-bound from a degenerative spinal

disease and experiences "intense and profoundly debilitating pain along his spine

as a consequence of chronic degeneration of vertebral bodies" that have "caused

multiple compressions of the nerve roots as they pass from the spinal cord to the

arms and legs," which "has resulted in permanent damage that manifests as

profound weakness and unremitting pain." To minimize the pain, Atwood

maintains a seated position in his wheelchair and partially reclines with one leg

bent when he attempts to sleep. He asserts that lying flat on his back exacerbates

his conditions, causing severe pain. Atwood alleges that ADCRR's lethal injection

3

protocol requires that he be secured lying down on the execution table for a period

of time prior to the administration of lethal drugs and that this will cause him

excruciating and unnecessary pain.

Defendants do not dispute that Atwood has a degenerative spinal disease that

causes him significant pain. Before the district court, Defendants provided

photographs showing Atwood resting in his cell on his bed propped up by pillows

and blankets. Defendants stated they will make accommodations in their Execution

Protocol by providing Atwood a medical wedge and tilting the execution table,

which will put Atwood in a position similar to the position he assumes in his cell

and thus avoid any unnecessary pain due to his condition.[1]

The district court denied Atwood relief on this claim. Citing *Baze v. Rees*,

553 U.S. 35 (2008), and *Glossip v. Gross*, 576 U.S. 863 (2015), the district court

held that the Eighth Amendment does not guarantee a prisoner a painless death and

that a defendant's Eighth Amendment rights are impinged only when the risk of

potential pain is "substantial when compared to a known and available alternative."

The district court further recognized that a state's choice of execution procedures is

entitled to a measure of deference. The district court found that the

accommodations that Defendants proposed "preclude a finding that ADCRR's

---

[1]     On appeal Arizona offered to permit Atwood to bend a knee during the
execution, but at oral argument Atwood's counsel rejected that offer.

lethal injection protocol creates a substantial risk of severe pain." It determined that "[t]here is no evidence that the position Plaintiff will be in using the medical wedge will be substantially different from the position he assumes in his cell."

In *Glossip*, the Supreme Court held "that prisoners cannot successfully challenge a method of execution unless they establish that the method presents a risk that is '*sure or very likely* to cause serious illness and needless suffering, and give rise to sufficiently *imminent* dangers.'" *Glossip*, 576 U.S. at 877 (quoting *Baze*, 553 U.S. at 50 (plurality opinion)). On this record we hold that the district court did not commit clear error by determining that the Execution Protocol, as modified with these accommodations, does not create a substantial risk of severe pain due to Atwood's spinal disease.

### III

ADCRR's Execution Protocol provides that Defendants "will only use chemicals in an execution that have an expiration or beyond-use date that is after the date that an execution is carried out." The Execution Protocol also authorizes prisoners subject to a warrant of execution to request and receive a "quantitative analysis of any compounded or non-compounded chemical to be used in the execution." Atwood alleges that these requirements amount to a state-created liberty interest, and that Defendants have disregarded these requirements in violation of his due process rights.

5

The district court found that even assuming Atwood could establish such a liberty interest, there was insufficient evidence that Arizona has deviated from its Execution Protocol to support his due process claim.

Even assuming without deciding that Atwood has a liberty interest created by the Execution Protocol,[2] the district court did not clearly err in determining Atwood had failed to show the Execution Protocol was violated. As noted by the district court, "[t]he Protocol neither defines 'quantitative analysis' nor sets forth requirements for how a [beyond use date] must be assigned." Defendants provided Atwood with quantitative analysis information and an affidavit certifying that the compound's beyond use date was after the date the execution is to be carried out. The district court's finding that there was insufficient evidence to conclude that Arizona violated the Execution Protocol is not clearly erroneous.

## IV

Finally, we address Atwood's allegation that he was deprived of his state law liberty interest in choosing the manner of his execution, because Arizona failed to provide a constitutional choice of lethal gas as a method of execution. Because Atwood committed his capital murder before November 23, 1992, he had a choice

---

[2]     We reject Defendants' argument that Atwood waived his contention that Arizona's Execution Protocol gives rise to a liberty interest. *See W. Watersheds Project v. U.S. Dep't of the Interior*, 677 F.3d 922, 925 (9th Cir. 2012) ("There is no waiver if the issue was raised, the party took a position, and the district court ruled on it.").

of execution method under Arizona law between lethal gas and lethal injection. *See* Ariz. Rev. Stat. § 13–757(B); Ariz. Const. art. 22, § 22. Because Atwood did not timely designate a method, his method of execution will be lethal injection by operation of Arizona law. Ariz. Rev. Stat. § 13–757(B). Atwood, however, argues that the choice was illusory because Arizona uses hydrogen cyanide, which he claims is an unconstitutional method of lethal gas execution.

The district court properly dismissed these claims for lack of standing because Arizona intends to execute Atwood by lethal injection. A defendant lacks standing to challenge the constitutionality of an execution method that will not be used in the defendant's execution. *See Fierro v. Terhune*, 147 F.3d 1159, 1160 (9th Cir. 1998) (holding that "[b]ecause neither plaintiff has chosen lethal gas as his method of execution . . . neither plaintiff has standing to challenge the constitutionality of execution by lethal gas and the plaintiffs' claims are not ripe for decision."). We are bound by our prior decision, and are likewise without jurisdiction to address these claims.

Atwood's motions for a stay of execution are denied.[3]

---

[3]     Atwood's "motion to bifurcate ruling" is denied.